IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **MICHELLE QUARLES,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-20-3200 |
| | * | |
| **WELLS FARGO BANK, N.A.,** *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Michelle Quarles, proceeding *pro se*, filed a five-count Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Bluewater Investment Holdings, LLC ("Bluewater Investment"), and U.S. Bank Trust, National Association as Trustee for the Blue Water Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust, U.S. Bank Trust, N.A., as Trustee for Cabana Series III Trust, and U.S. Bank Trust, N.A., as Trustee for Bungalow Series III Trust (collectively "U.S. Bank Trust, N.A.") seeking declaratory judgment (Count I), alleging misrepresentation (Count II), violations of Delaware Title 12 §§ 3591 and 3908 (Count III), and violations of the Maryland Consumer Protect Act ("MCPA"), Md. Code Ann., Com. Law §§ 13–101 *et seq*. (Counts IV and V), arising out of the enforcement of her mortgage loan after she filed for bankruptcy. ECF Nos. 2, 3. Pending before the Court are a number of motions including Defendant U.S Bank Trust, N.A. as Trustee for Cabana Series III Trust, and U.S. Bank Trust N.A., as Trustee for Bungalow Series III Trust's Motion to Set Aside Entry of Default, ECF No. 21, and Defendant Bluewater Investment Holdings, LLC and U.S. Bank Trust, National Association as Trustee for the Bluewater Investment Trust Series 2017-1's

Motion to Set Aside Entry of Default, ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, both motions are granted.

I.     **BACKGROUND**[1]

On January 9, 2020, Plaintiff filed her original Complaint in the Circuit Court for Prince George's Court for Prince George's County against Wells Fargo, U.S. Bank Trust, National Association, as Trustee for the "Blue Water Investment Trust 2017-1," "Bunglow Series III Trust," and "Cabana Series III Trust" ('U.S. Bank" or "Trustee"), and Bluewater Investment Holdings, LLC ("Bluewater Holdings") seeking declaratory judgment (Count I); alleging violations of the Real Estate Settlement Procedures Act ("RESPA") against U.S. Bank (Count II); seeking Injunctive Relief (Count III); and alleging Unfair or Deceptive Trade Practices against Wells Fargo and Bluewater Holdings (Count IV). ECF No. 1 ¶ 1.[2] On January 27, 2020, Plaintiff filed her First Amended Complaint in which she added new causes of action and changed others including: declaratory judgment (Count I); "misrepresentation" against Wells Fargo (Count II); violations of Delaware Title 12 §§ 3591 and 3908 against U.S. Bank (Count III); Unfair or Deceptive Trade Practices against Wells Fargo (Count IV); and Unfair or Deceptive Trade Practices against Bluewater Holdings (Count V), *id.* On November 4, 2020, Defendant Wells Fargo removed Plaintiff's suit to this Court under 28 U.S.C. § 1332. *Id.* ¶ 4.

On February 9, 2021, Plaintiff filed a Motion for Entry of Default against Defendant Bluewater Investment, ECF No. 15, and on March 4, 2021, Plaintiff filed a Notice of Errata with a corrected Motion for Entry of Default requesting that default judgment be entered against

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Defendant U.S. Bank Trust, National Association as Trustee for the Bluewater Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust. ECF No. 16-1. On March 30, 2021, the Clerk entered an Order of Default against Defendants Bluewater Investment and U.S. Bank Trust, National Association as Trustee for the Blue Water Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust, U.S. Bank Trust, N.A., as Trustee for Cabana Series III Trust, and U.S. Bank Trust, N.A., as Trustee for Bungalow Series III Trust for failure to plead or otherwise defend, ECF Nos. 17 & 17-1. On the same day, the Clerk noticed both defaults. ECF Nos. 18 & 19. On April 28, 2021, Defendant U.S. Bank Trust, N.A filed the now pending Motion to Set Aside Default, ECF No. 21. On May 10, 2021, Plaintiff opposed the Motion, ECF No. 22. On May 26, 2021, Defendant Bluewater Investment filed the additionally pending Motion to Aside Default, ECF No. 24, which Plaintiff opposed on June 14, 2021, ECF No. 25. On June 28, 2021, Defendant Bluewater Investment replied, ECF No. 26.

**II.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(c) provides that: "The court may set aside an entry of default for good cause[.]" Though "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005), "[t]he Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, 'defaults be avoided and that claims and defenses be disposed of on their merits.'" *Levere v. Signature Properties, LLC*, No. 21-cv-1929-ELH, 2021 WL 5494533, at *2 (D. Md. Nov. 23, 2021) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)). Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of

defaults and default judgments.'" *Lolatchy v. Arthur Murray*, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

The Court is mindful that Plaintiff is a self-represented litigant. Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

### III. DISCUSSION

In their separate motions to Set Aside Default Judgment, Defendants U.S. Bank Trust, N.A. and Bluewater advance the same theory to set aside the default: that Plaintiff failed to properly effectuate service. *See* ECF No. 21 ¶¶ 9, 12, 20; ECF No. 24 ¶¶ 3–4, 7. "[B]efore a court may enter a default or a default judgment, the defendant must receive service of process." *Turner v. Lowden*, No. 12-cv-1372-RDB, 2013 WL 5634325, at *4 (D. Md. Oct. 15, 2013), *aff'd*, 559 F. App'x 227 (4th Cir. 2014) (citing *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant.")). Where there is improper service of process, this Court is without jurisdiction over the defendant. *Id.* (citing *Fed. Deposit Ins. Corp. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677, 680 (S.D.W.V.1983) ("Service of process serves . . . dual function[s], both related to the jurisdiction of the court. It is necessary to bring a defendant within the power of the court. It also serves to satisfy the requirements of due process by giving notice to a defendant of the proceeding against him.")). Therefore, the "failure to effectuate proper service of process would constitute 'good cause' for purposes of Rule 55(c). *id.* (citing *Hearron v. Premier Mfg. Support Servs., Inc.*, 2010

4

WL 4921789, at *2 (D. Kan. Nov.29, 2010) (setting aside default where defendant was not properly served)).

According to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or association within a federal judicial district may be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Maryland law, service is made upon a corporation is by:

> [S]erving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

Md. Rule 2-124(d). "Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." *Id*. 2-124(h).

Both Defendants contend that Plaintiff failed to effectuate service of process. Defendant U.S. Bank Trust, N.A. argues that Plaintiff attempted to serve a non-existent entity. In its Motion, Defendant U.S. Bank Trust, N.A. argues that Plaintiff's State Court Complaint, which named multiple defendants, listed "U.S. Bank Trust National Association as Trustee for Bluewater Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust," but

5

that "no such entity exists" or is listed, registered or created under this name, nor is this entity described or listed as a party in Plaintiff's Amended Complaint. ECF No. 21 ¶¶ 1–4. Defendant U.S. Bank Trust, N.A. contends that the two separate entities Plaintiff likely intended to sue are "U.S. Bank Trust, N.A., as Trustee for Cabana Series III Trust ("Cabana") and U.S. Bank Trust, N.A., as Trustee for Bungalow Series III Trust ("Bungalow")[,]" as it argues both Cabana and Bungalow "have or have had an interest in the real property that is the subject of this lawsuit." *Id.* ¶ 6.

Defendant U.S. Bank Trust, N.A. also contends that it has not been served with process of Plaintiff's State Court Complaint or any subsequent pleadings since the removal and that it only learned of the suit in this Court as a result of a mediation in the state court appeal on April 4, 2021, which "occurred after the entry of default against the fictional non-entity" named by Plaintiff. *Id.* ¶ 11. This state court appeal was "commenced by [Plaintiff] relating to the foreclosure and subsequent foreclosure sale of the property that is the subject of this lawsuit." *Id.* ¶¶ 9–11. Therefore, "as an abundance of caution," Defendant U.S. Bank Trust, N.A. contends that "Cabana and Bungalow now seek relief from the default because of their lack of notice as to the proceedings and the closeness of the names of the parties involved." *Id.* ¶ 12. In the Affidavit in Support of Motion to Set Aside Entry of Default, General Counsel Jeff Padden, General Counsel of PRP III Holdings, L.P., LLC, which is the "Administrator" of Cabana and the "Manager" of Preston Ridge Partners LLC, the "Administrator" of Bungalow, who is authorized to attest on their behalf, contends that the records of Bungalow and Cabana "reflect that proper service of process . . . was not effectuated upon either entity, or anyone authorized to accept such, at any point in time[,]" and neither party was served with any pleadings from Plaintiff, including the application for default judgment.  ECF No. 21-1 ¶¶ 5–6.

Defendant Bluewater Investment, and "U.S Bank Trust, National Association as Trustee for the Bluewater Investment Trust Series 2017-1 ("Bluewater Trust")," likewise, contends that it was not properly served. Specifically, it argues that Plaintiff did not serve its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington DE 19808 as required under Md. Rule 2-124(h), ECF No. 24 ¶ 3, that neither received copies of the subsequent filings at their respective resident agents, *id.* ¶ 7, and that Plaintiff "[s]imply sending certified mail to a business address that is not the registered agent is not proper service" and fails to sufficiently place the company on notice of the suit. *Id.* ¶ 3. Moreover, Defendant Bluewater Investment also argues that the non-existent entity Plaintiff served, "U.S. Bank Trust, N. A. as Trustee for Bluewater Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust," is actually three separate trusts, each of which must be properly served, and that, to date, Bluewater Trust has not been properly served. *Id.* ¶ 4.

Where the validity of service is challenged, a plaintiff bears the burden of establishing its validity. *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011). Plaintiff has failed to meet her burden.

With respect to Defendant U.S. Bank Trust, N.A., Plaintiff appears to contend that the non-existent entity currently named as Defendant U.S. Bank Trust, N.A. was served at "300 Delaware Avenue, 9th Floor, Wilmington, DE 19801[,]" ECF No. 22 ¶ 7, and that Defendant Wells Fargo's notice of removal was served at the same address, therefore, Defendant U.S. Bank Trust "was served constructive notice of a pending action," *id.* ¶ 8, and it "received no less than five separate constructive notices of a pending action. *Id.* ¶ 12. She makes a similar argument with respect to Defendant Bluewater Investment, specifically that it was served at its place of business at "2121 Rosecrans Avenue, Ste. 5300, El Segundo, California 90245," which Plaintiff

7

contends is "the office of Bluewater Investment's Executive Officer and General Counsel Angelo Lombardo." ECF No. 25 ¶ 3. Moreover, Plaintiff also argues that Defendant Bluewater Investment "was served actual and/or constructive notice" on eight separate occasions, *id.* ¶ 15.

      Both arguments are unavailing because Plaintiff submits no documentation in support of her opposition to Defendant U.S. Bank Trust's Motion to contradict General Counsel Jeff Padden's attestation that no service of process was effectuated on either Cabana or Bungalow, or anyone authorized to accept such process. Although Plaintiff attaches a document from the Securities and Exchange Commission website, which lists Defendant Bluewater Investment's principal place of business at the address in El Segundo California, where Plaintiff contends that she effectuated service, Plaintiff does not identify an authorized person upon whom service was made. The burden of showing that service has been effectuated lies squarely on Plaintiff, even as a pro se litigant, and Defendants have challenged service. This Court finds that Plaintiff has not responded to the contrary and service cannot be deemed as valid as to either Defendant U.S. Bank Trust, N.A. or Defendant Bluewater Investment. Moreover, Plaintiff's arguments that both Defendants received constructive notice, despite the fact that Plaintiff sued a non-existent entity, is likewise unpersuasive as "there is nothing in Maryland law that suggests that the rules of service may be liberally construed." *Samuels v. Two Farms, Inc.*, No. 10-cv-2480-DKC, 2010 WL 4103670, at *2 (D. Md. Oct. 18, 2010). And Plaintiff's reliance on Title 12 Del. C. § 3804(b), *see* ECF No. 22-1 ¶¶ 16–18, 46; ECF No. 25 ¶¶ 4, 7, a Delaware statute regarding legal proceedings for domestic statutory trusts, in support of her argument that her service of process was effective, is misguided as Delaware law has no bearing on whether service of process was effectuated under Maryland law.

Additionally, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006); *see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001).

First, this Court must look at whether either Defendant has proffered evidence of a meritorious defense. "All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231, at *2 (4th Cir. 1997). "[T]he moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC*, 130 F. Supp. 2d at 718. Here, Defendant U.S. Bank Trust, N.A. has proffered evidence, through the affidavit of General Counsel Jeff Padden, that "meritorious defenses exist" to any claims against them, *see* ECF No. 21-1 ¶ 10, and, in particular, they argue that the defenses of judicial estoppel, collateral estoppel and res judicata would apply. ECF No. 21 ¶ 14. Defendant Bluewater argues that it would have meritorious defenses to the two claims in the Amended Complaint that concern it including the fact that, despite Count III of Plaintiff's Complaint alleging violations of Title 12, §§ 3591 and 3809 of Delaware's trust laws, the allegations in Plaintiff's Complaint "does not include any allegations concerning a decedent's estate," that Plaintiff's Complaint, with respect to her claims alleging fraudulent misrepresentation under the Maryland Consumer Protection Act, fails to meet the heightened pleading standard under Federal Rule of Civil

9

Procedure 9(b)m, and that she fails to allege that she relied upon any purported misrepresentation or that she suffered any actual damages. ECF No. 24. ¶ 15(A)–(B). Therefore, both Defendants have provided facts to show that they have meritorious defenses against Plaintiff's claims.

Next, the Court looks at whether Defendants acted with reasonable promptness in moving to set aside the entry of default. "Courts must consider the specific facts and circumstances of each occasion when determining whether a defendant acted in a reasonably prompt manner when moving to set aside a default." *Propps v. Kirkpatrick*, No. 21-cv-01744-SAG, 2021 WL 4951930, at *2 (D. Md. Oct. 25, 2021) (internal quotations and citations omitted); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion[.]"). Defendant U.S. Bank Trust, N.A. argues that it only learned of the default and the proceedings on April 20, 2021, when an impasse was reached in the state court mediation, ECF No. 21 ¶¶ 18–19. The Notice of Default was sent on March 31, 2021, ECF No. 19, and it advised that Defendant U.S. Bank Trust, N.A. had thirty days to file a motion to vacate. It filed the pending Motion on April 28, 2021, ECF No. 21. The Court determines that Defendant U.S. Bank Trust, N.A. acted within thirty days and therefore acted with reasonable promptness. *See, e.g., Makowske v. Lincoln Life Assurance Co. of Bos.*, No. 21-cv-1439-SAG, 2021 WL 3288365, at *2 (D. Md. Aug. 2, 2021) ("Defendant filed its Motion to Set Aside Default just fifteen days after the entry of default, well within the thirty-day deadline set by the state court. For comparison, the Court has held that a defendant acted reasonably promptly when filing a Motion to Vacate a Default 33 days after the entry of default."). Defendant Bluewater's Notice of Default was also sent on March 31, 2021, ECF No. 18, but it did not file the additionally pending Motion until May 26, 2021, just under one month past time allotted under

the Notice. Defendant Bluewater argues that it filed the motion "as soon as was practicable following counsel's investigation into the circumstances," ECF No. 24 ¶ 14, which this Court finds to be reasonable under the circumstances. *See Prescott v. MorGreen Solar solutions*, LLC, 352 F. Supp. 3d 529, 537 (E.D.N.C. 2018) (collecting cases suggesting that delays up to a month might be reasonable under the circumstances).

      Further, this Court must look at the personal responsibility of both Defendants and whether they have a history of dilatory action in the suit. Courts should look at whether the "delay was motivated by any intent on Defendant's part to disregard or derail the legal process." *Propps*, 2021 WL 4951930, at *2. The Court finds that the personal responsibility of both Defendants was minimal given that Plaintiff used improper addresses to effectuate service against a non-existent entity, and Plaintiff has not demonstrated that either Defendant had actual knowledge of the suit before default was entered. *See Turner*, 2013 WL 5634325, at * 6 (finding that personal responsibility of defendant was minimal where plaintiff used improper address for service and failed to know defendant's actual knowledge of the suit before entry of default).

      Finally, this Court must look at whether vacating the entry of default would prejudice Plaintiff. The Fourth Circuit has explained that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418. Where there is a "brief delay" in the adversarial process, courts will generally find that there is no prejudice to plaintiff. *See, e.g., Levere*, 2021 WL 5494533, at *2 (granting motion to vacate because "there is no prejudice to [Plaintiff] by a brief delay to permit the adversarial process to resume"). While Plaintiff argues that neither Defendant can show good cause, ECF No. 22 ¶ 16; ECF No. 25 ¶ 10, and that vacating the defaults prejudice her by adding "to the expense of the litigation," ECF No.

11

25 at 9; ECF No. 22 ¶ 21, such a vague declaration about costs, without more, is unpersuasive, especially given that Plaintiff is proceeding as a pro se litigant.

\*\*\*

Failure to effectuate proper service constitutes "good cause" to set aside the entry of default judgment as to both Defendants, *see Turner*, 2013 WL 5634325, at \*4. Additionally, in keeping in mind the Fourth Circuit's preference that default judgment should be avoided, and because the factors outlined by the Fourth Circuit are in each Defendant's favor, the Court vacates the default judgment entered against Defendants U.S. Bank Trust, N.A. and Bluewater Investment.

The existent entities, U.S. Bank Trust, N.A., as Trustee for Cabana Series III Trust (Cabana) and U.S. Bank Trust, N.A., as Trustee for Bungalow Series III Trust (Bungalow) are already identified on the Docket, therefore the Court need not, in accordance with Defendant U.S. Bank Trust, N.A.'s request, add or substitute them in "as party-defendants to properly defend themselves," *see* ECF No. 21 at 5. In light of Defendant Bluewater Investment conceding that Bluewater Trust, an entity not yet identified as a Defendant in this case, owned Plaintiff's mortgage loan and not Bluewater Investment, *see* ECF No. 24 ¶ 8, the Court will also order the Clerk to substitute "U.S. Bank Trust, National Association as Trustee for the Bluewater Investment Trust Series 2017-1" for the non-existent entity, "U.S. Bank Trust, National Association as Trustee for the Blue Water Investment Trust 2017-1, Bungalow Series III Trust, and Cabana Series III Trust."[3] Finally, the Court will order Plaintiff to effectuate service on all four correctly identified Defendants.

---

[3] Accordingly, this Moots Plaintiffs additionally pending Motion to Substitute, ECF No. 28.

## IV. CONCLUSION

For the foregoing reasons, Defendant U.S Bank Trust, N.A. as Trustee for Cabana Series III Trust, and U.S. Bank Trust N.A., as Trustee for Bungalow Series III Trust's Motion to Set Aside Entry of Default, ECF No. 21, and Defendant Bluewater Investment Holdings, LLC and U.S. Bank Trust, National Association as Trustee for the Bluewater Investment Trust Series 2017-1's Motion to Set Aside Entry of Default, ECF No. 14, are granted. A separate Order shall issue.

Date: <u>March 30, 2022</u>                                     <u>   /s/                                      </u>
                                                                                   GEORGE J. HAZEL
                                                                                   United States District Judge