IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

**MICHELLE QUARLES,**

    Plaintiff,

v.                                               Case No.: GJH-20-3200

**WELLS FARGO BANK, N.A.,** *et al.*,

    **Defendants.**

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Michelle Quarles brings a variety of claims arising out of the enforcement of her mortgage loan and a subsequent foreclosure action. *See* ECF No. 29-1. Now pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 29. Additionally, Defendants Wells Fargo Bank, N.A., and U.S. Bank Trust, N.A., move for dismissal. ECF Nos. 32 & 48. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Court will deny leave to amend and dismiss the action.[1]

---

[1] Additionally, Plaintiff's Motion for Extension of Time to Respond, ECF No. 50, is granted. Plaintiff's Motion to Strike, ECF No. 39, is denied as moot. The Bluewater Defendants' Motion to Dismiss, ECF No. 46, is denied as moot.

1

I.      BACKGROUND[2]

This action is a continuation of litigation related to a foreclosure action in Prince George's County Circuit Court on Plaintiff Michelle Quarles's property at 10011 Welshire Drive, Upper Marlboro, Maryland, 20772 ("Welshire Property"). *See BSBSC vs Quarles*, CAEF16-40193 (Cir. Ct. Prince George's Cty. November 9, 2016) (Foreclosure Action); *Quarles v. Brown*, 2022 WL 1422578, at *1 (Md. Ct. Spec. App. May 5, 2022) (Foreclosure Appeal).[3]

In April 2008, Plaintiff and her husband, Donald Quarles, executed a promissory note ("the Note") in favor of Wachovia Mortgage, FSB, which was secured by a deed of trust on the Welshire Property. ECF No. 29-1 ¶ 31.[4] The Note was acquired by Defendant Wells Fargo Bank, N.A., in December 2008 when Wells Fargo acquired Wachovia. *See id.* ¶ 16. The Quarleses defaulted on the Note in October 2010, *id.* ¶ 45, and on November 9, 2016, the Foreclosure Action was commenced in Prince George's County Circuit Court by substitute trustees appointed by Wells Fargo, *id.* ¶¶ 62, 70. The parties litigated the Foreclosure Action, including through several motions to dismiss, stay, and enjoin the foreclosure. *See BSBSC vs Quarles*, CAEF16-40193 (Foreclosure Action docket).

---

[2] More detailed background on the procedural history in this case and related cases is contained in this Court's previous Memorandum Opinion, ECF No. 42, and the Maryland Court of Special Appeals opinion, *Quarles v. Brown*, 2022 WL 1422578, at *1 (Md. Ct. Spec. App. May 5, 2022).

[3] The Court takes judicial notice of state court documents in the related actions. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted)). The Court may consult these documents without converting a motion to dismiss into one for summary judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record.").

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Separately, the Quarleses filed several bankruptcy petitions in the United States Bankruptcy Court for the District of Maryland, resulting in several different automatic stays, pursuant to 11 U.S.C. § 362(a). *See In Re Donald Quarles*, No. 17-13453; *In re Michelle Quarles*, 17-15211; *In re Donald Quarles*, No. 19-17492. First, Donald Quarles filed a bankruptcy action on March 13, 2017, resulting in an automatic stay. *See* No. 17-13453. Next, Plaintiff filed a bankruptcy petition on April 13, 2017, also resulting in an automatic stay. *See* 17-15211. Donald Quarles then voluntarily dismissed his bankruptcy petition, and thus the stay was terminated. *See* No. 17-13453, ECF No. 35. The stay pursuant to Plaintiff's bankruptcy case continued until January 26, 2018, when the bankruptcy court terminated the stay. *See* No. 17-15211, ECF No. 108. Donald Quarles then filed another bankruptcy petition on June 3, 2019, resulting in another automatic stay. *See* No. 19-17492. The bankruptcy court lifted this stay and imposed an equitable servitude on the Welshire Property in November 2019. *See* ECF No. 55.

Despite several more emergency motions in opposition filed by the Quarleses in the Foreclosure Action, the Welshire Property was sold on January 14, 2020 to Cabana Properties III, LLC. *See Quarles v. Brown*, 2022 WL 1422578, at *3. Though the Quarleses then filed several exceptions to the foreclosure sale, the circuit court ratified the sale on December 28, 2020. *See BSBSC vs Quarles*, CAEF16-40193. The Maryland Court of Special Appeals affirmed the ratification Order on May 5, 2022. *See Quarles v. Brown*, 2022 WL 1422578.

While the Foreclosure Action was still being litigated, Plaintiff commenced this separate action, also in the Circuit Court for Prince George's County, on January 9, 2020. ECF No. 1 ¶ 1. In the first Complaint, Plaintiff brought claims for recovery of money, breach of covenant, unfair and deceptive trade practices, and declaratory judgment against Defendants Wells Fargo Bank, N.A., U.S. Bank Trust, National Association, as Trustee for the "Blue Water Investment Trust

3

2017-1," "Bunglow Series III Trust," and "Cabana Series III Trust" ('U.S. Bank" or "Trustee"), and Bluewater Investment Holdings, LLC ("Bluewater Holdings"). ECF No. 2.

Plaintiff then filed the First Amended Complaint in state court on January 27, 2020. ECF No. 1 ¶ 2. In the First Amended Complaint, Plaintiff requested declaratory judgment that the Note was non-negotiable and may not be enforced. ECF No. 3 ¶ 187. She also alleged misrepresentation, unfair and deceptive trade practices, and failure to certify a trust in violation of Delaware law. *Id.* ¶¶ 203, 208, 259.

The action was removed to this Court on November 4, 2020 by Wells Fargo. ECF No. 1. Several of the other Defendants had not been served or were misnamed in the First Amended Complaint, and therefore, on March 30, 2022, this Court substituted the correct names and ordered Plaintiff to effect service on the correctly identified Defendants. ECF Nos. 42, 43. Specifically, Plaintiff was ordered to serve U.S. Bank Trust, N.A., as Trustee for Cabana Series III Trust ("Cabana"); U.S. Bank Trust, N.A., as Trustee for Bungalow Series III Trust ("Bungalow); Bluewater Investment Holdings, LLC ("Bluewater Investment"); and Bluewater Investment Trust Series 2017-1 ("Bluewater Trust"). ECF No. 43 ¶ 5.

Now pending before the Court is Plaintiff's Motion for Leave to Amend. ECF No. 29. The proposed Second Amended Complaint contains 20 claims against Defendants Wells Fargo, Cabana, Bungalow, Bluewater Investment, and Bluewater Trust. ECF No. 29-1. Additionally, the Second Amended Complaint adds SN Servicing Corporation and Brown and Shapiro, LLP, n/k/a LOGS Legal Group, LLP, as proposed Defendants. The proposed Second Amended Complaint contains substantively identical allegations to the First Amended Complaint. *See* ECF No. 35 (redline copy of the Second Amended Complaint). Plaintiff's claims center around alleged misrepresentations related to the proper ownership of the Note and violations of the Truth in

Lending Act ("TILA"), 15 U.S.C. § 1641(g), and 12 C.F.R. § 226.39, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, violations of Delaware trust law, and violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq.* ECF No. 29-1. All named Defendants had or have an interest in ownership or servicing of the Note and the Welshire Property. *Id.* ¶ 16.

Plaintiff and Defendants Bluewater Investment Holdings and Bluewater Trust have stipulated to dismissal with prejudice of all claims against the Bluewater Defendants. ECF No. 49.[5] Defendants Cabana and Bungalow (collectively "U.S. Bank Trust, N.A.") consented to the filing of the Second Amended Complaint, ECF No. 41, and filed an Answer and Motion to Dismiss, ECF No. 48. Defendant Wells Fargo opposed leave to amend and moved to dismiss all claims. ECF No. 32.[6]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile.'" *Id.* (quoting *Johnson*

---

[5] The Bluewater Defendants' Motion to Dismiss, ECF No. 46, is thus denied as moot.

[6] Proposed Defendant LOGS Legal Group also opposed amendment. ECF No. 37. Plaintiff filed the Motion to Strike this opposition. ECF No. 39

*v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," and would therefore not survive a motion to dismiss pursuant to Rule 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). To state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). The Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court must also "draw all reasonable inferences in favor of the plaintiff." *Id.* at 253 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "[B]ut [the Court] need not accept the legal conclusions drawn from the facts, and . . . need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Id.* (first alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d

310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. App'x. 255 (4th Cir. 2013).

### III.  DISCUSSION

The 455-paragraph proposed Second Amended Complaint details the long history of the Note and the subsequent Foreclosure Action. *See* ECF No. 29-1. Defendant Wells Fargo argues that amendment would be futile because Plaintiff's claims are barred by *res judicata* and collateral estoppel, Plaintiff fails to articulate sufficient allegations, and most claims are time-barred on their face. ECF No. 32 at 3, 7, 11. Wells Fargo requests dismissal from the action. *Id.* at 13. Similarly, while U.S. Bank Trust, N.A., consented to amendment, it then also moved for dismissal, arguing that Plaintiff fails to state any viable claim. ECF No. 48.

Plaintiff's claims are barred by *res judicata* and collateral estoppel. Additionally, Plaintiff fails to state a claim. For these reasons, amendment is futile, and leave to amend is denied. Further, because the First Amended Complaint suffers from the same defects, the Court will dismiss this case.[7]

---

[7] Plaintiff also moved to strike proposed Defendant LOGS Legal Group's opposition to amendment. *See* ECF Nos. 37, 39. In light of the facial deficiencies of the proposed Second Amended Complaint, the Court would deny leave to amend and dismiss the case regardless of LOGS Legal Group's opposition. Thus, the Motion to Strike is denied as moot.

### A. *Res Judicata* and Collateral Estoppel[8]

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). As this Court has explained:

> In order for res judicata to bar a claim, three elements must be present: (1) the present parties are the same or in privity with the parties in the earlier dispute; (2) the earlier dispute was based upon the same cause of action, and (3) there has been a final judgment on the merits.

*Reid v. Ocwen Loan Servicing, LLC*, No. 16-cv-3717-GJH, 2017 WL 3475676, at *4 (D. Md. Aug. 11, 2017) (citing *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)). The Fourth Circuit has further explained:

> The determination of whether two suits arise out of the same cause of action, however, does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein "arise out of the same transaction or series of transactions or the same core of operative facts." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir.1996) (internal citations omitted).

*Pueschel*, 369 F.3d at 354.

On November 9, 2016, Wells Fargo, through appointed substitute trustees, initiated a foreclosure action against the Quarleses in Prince George's County Circuit Court. *See* ECF No. 32-1 (Foreclosure Action docket); *see also BSBSC vs. Quarles*, 16-40193. The parties litigated the Foreclosure Action until the circuit court ratified the foreclosure sale on December 28, 2020.

---

[8] The applicable law for purposes of *res judicata* is the law of the tribunal in which the prior judgment was entered. *Leftridge v. Matthews*, No. 11-cv-3499-ELH, 2012 WL 1377060, at *4, n.7 (D. Md. Apr. 18, 2012) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)) (applying federal law regarding *res judicata*)). Plaintiff has prior suits in both Maryland state court and in federal bankruptcy court. However, there is no substantive difference between the elements for claim preclusion under Maryland law and federal law. *See Reid*, 2017 WL 3475676, at *4, n.8.

*See id.* The Quarleses vigorously opposed the Foreclosure Action, raising several oppositions, defenses, and exceptions. *See* ECF No. 32-1 at 3, 4, 5 (Foreclosure Action docket showing motions to stay or dismiss and emergency motions for preliminary injunctions). In particular, the circuit court issued an Order on May 31, 2019 finding that a motion to dismiss "does not, on its face, state a valid defense to the validity of the lien or the lien instrument, or plaintiffs' right to foreclose[.]" *Id.* at 5. Later, the circuit court issued an Order finding that "defendants fail[] to state a meritorious factual or legal basis to deny the court's ratification of sale." *Id.* at 7.

The Quarleses then appealed the Order ratifying the sale. *Id.* at 10. On May 5, 2022, the Maryland Court of Special Appeals issued a thorough opinion explaining the history of the action and the defenses and counterclaims. *See Quarles v. Brown*, 2022 WL 1422578. Important here, the Maryland appeals court explained that, based on the submitted evidence, Wells Fargo is the credible owner of the promissory Note: "The Quarleses assert no credible dispute of that fact. As a result, there is nothing to suggest that Wells Fargo was not entitled to enforce the note and appoint substitute trustees as a matter of law." *Id.* at *7. Thus, "Wells Fargo was entitled to foreclose by virtue of its possession of the promissory note." *Id.* The appeals court affirmed the Order ratifying the sale.

Additionally, during the foreclosure proceedings, on April 13, 2017, Plaintiff filed a bankruptcy action in the United States Bankruptcy Court for the District of Maryland. *See* No. 17-15211, *In re Michele Quarles*. On January 26, 2018, the bankruptcy court issued a Consent Order terminating the automatic bankruptcy stay and allowing foreclosure proceedings to continue. *See* ECF No. 108. Separately, in Donald Quarles's second bankruptcy action, the court terminated the automatic stay and imposed an equitable servitude on the Welshire Property. *See* No. 19-17492, ECF No. 55.

In the proposed Second Amended Complaint, all of Plaintiff's claims center around her default on the Note and the subsequent foreclosure and bankruptcy actions. Plaintiff alleges that SN Servicing, Wells Fargo, and the U.S. Bank Trust Defendants, violated the TILA, 15 U.S.C. § 1641(g)(1), and its attendant regulation, 12 C.F.R. § 226.39, by not sending proper notice of transfer of the Note (Counts IV, V, VII, VIII, IX, X, XII, XIII). ECF No. 29-1 ¶¶ 212, 231, 290, 309. Plaintiff also alleges that Wells Fargo and LOGS Legal Group misrepresented ownership of the Note in violation of the MCPA, Md. Code Ann., Com. Law § 13-303(5) (Counts XVIII, XIX, and XX). *Id.* ¶¶ 418, 437, 455. Plaintiff alleges that the U.S. Bank Trust Defendants failed to provide her with a certification of trust in violation of Delaware Title 12 § 3591 (Counts II and III). *Id.* ¶¶ 160, 167. Plaintiff also alleges that LOGS Legal Group misrepresented information regarding the Note in the Foreclosure Action (Counts XIV and XV). *Id.* ¶¶ 329, 356. Additionally, Plaintiff also alleges that Cabana violated RESPA, 12 U.S.C. § 2605, during Plaintiff's bankruptcy action by failing to offer her a loan modification (Count XVII). *Id.* ¶ 382. Finally, Plaintiff requests declaratory judgment that the Note is not a negotiable instrument (Count XVI). *Id.* ¶ 367.

The first element of *res judicata*, privity between the parties in the prior action and the current action, is clearly satisfied. "Privity in the *res judicata* sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572-73 (D. Md. 2000) (internal quotations and citations omitted). Here, Plaintiff was a party to all related state actions and one related bankruptcy action. She is in privity with Donald Quarles, the petitioner in the two other related bankruptcy actions, because Donald Quarles, as Plaintiff's husband and co-defendant in the Foreclosure Action, is "so identified in interest with [Plaintiff] that he represents the same legal

10

right." *Anyanwutaku*, 85 F. Supp. 2d at 571 (internal quotations and citations omitted). Similarly, all Defendants either were parties in the prior suits or are in privity with the parties in the prior actions, as loan servicers, lenders, substitute trustees, and noteholders share a "mutuality of interest" with respect to a property. *Reid*, 2017 WL 3475676, at *4 (collecting cases).

The second element, the "same cause of action," is also clearly satisfied. "So long as 'the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect.'" *Reid*, 2017 WL 3475676, at *4 (quoting *Ohio Valley*, 556 F.3d at 210); *see also Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987) (approving use of the "transaction" test to determine claim preclusion). "[R]es judicata will bar a 'newly articulated claim' if it is based on the same underlying transaction involved in the first suit and could have been brought in the earlier action." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 282 (4th Cir. 2016) (quoting *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotations and citations omitted)).

Plaintiff's allegations all relate to the transfer and ownership of the Note and subsequent foreclosure and bankruptcy actions. Indeed, most of the Second Amended Complaint is a litany of Plaintiff's objections to the Foreclosure Action, as well as Plaintiff's complaints about Defendants' actions during her bankruptcy case. *See, e.g.*, ECF No. 29-1 ¶ 246 (alleging that Wells Fargo falsely claimed to be the owner of the Note in the Foreclosure Action), ¶ 401 (alleging that Cabana failed to offer a RESPA-compliant modification in Plaintiff's bankruptcy action), ¶ 415 (alleging that LOGS filed a false certification in the Foreclosure Action).

"[T]his Court previously has made clear that 'the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality,

and hence its regularity cannot be attacked in collateral proceedings.'" *Bank of New York Mellon v. Nagaraj*, 220 Md. App. 698, 707, 105 A.3d 1044, 1049 (2014) (quoting *Manigan v. Burson*, 160 Md. App. 114, 120, 862 A.2d 1037 (2004) (internal quotations and citations omitted)). "[T]he proper forum for Plaintiffs to raise their claims about the misdeeds of those connected with their foreclosure [is] at the foreclosure proceeding itself." *McGhee v. JP Morgan Chase Bank, N.A.*, No. 12-cv-3072-DKC, 2013 WL 4495797, at *5 (D. Md. Aug. 20, 2013). Plaintiff should have, and indeed did, raise many of these claims before. Any claims not raised previously are still based on the same underlying transaction. *See Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 684 (D. Md. 2018) (collecting cases in which courts found that state RESPA claims, misrepresentation claims, and Fair Debt Collection Practices Act claims should have been raised in the foreclosure action itself).

Finally, the third element, or a final judgment on the merits, is also clearly satisfied. "[F]inal judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect, based on factors such as whether the parties were heard in the issue and whether the decision was appealable." *Graves v. One West Bank, FSB*, No. 14-cv-1995-PWG, 2015 WL 2452418, at *5 (D. Md. May 20, 2015*), aff'd sub nom.*, *Graves v. Onewest Bank, FSB*, 653 F. App'x 788 (4th Cir. 2016) (internal quotations and citations omitted). The circuit court issued an Order ratifying the foreclosure sale, and the Maryland Court of Special Appeals then affirmed that Order. Additionally, the bankruptcy court also ruled on the enforceability of the Note when lifting the automatic bankruptcty stay in two separate bankruptcy actions. Thus, there was a final judgment on the merits. Plaintiff's claims are barred by *res judicata*.

Many of Plaintiff's claims are also barred by collateral estoppel. Similar to *res judicata*, "[a]pplying collateral estoppel 'forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate.'" *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (quoting *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks and citation omitted)).

> To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*Id.*

Three key issues, the ownership and validity of the Note, the right to foreclose on the Welshire Property, and the regularity of the foreclosure sale, underpin Plaintiff's claims in the proposed Second Amended Complaint. These issues were all critical and necessarily decided in prior actions.

In the Foreclosure Action, the circuit court decided that the Quarleses had not stated a valid opposition to the "validity of the lien" or the "right to foreclose." ECF No. 32-1 at 5 (Foreclosure Action docket). The circuit court also decided that "defendants fail[] to state a meritorious factual or legal basis to deny the court's ratification of sale[.]" *Id.* at 7. Thus, the circuit court necessarily found that the Quarleses had defaulted on the Note and that the substitute trustees had standing and right to foreclose on the Welshire Property. *See Burson v. Capps*, 440 Md. 328, 342, 102 A.3d 353, 362 (2014) (noting that, before a foreclosure sale takes

13

place, the defaulting borrower "may 'petition the court for injunctive relief, challenging 'the validity of the lien or . . . the right of the [lender] to foreclose in the pending action.'") (quoting *Bates v. Cohn*, 417 Md. 309, 319, 9 A.3d 846, 852 (2010) (quoting Md. Rule 14–211(a)(1))). Additionally, the circuit court also necessarily found that there were no irregularities in the foreclosure sale. *See Hood v. Driscoll*, 227 Md. App. 689, 695, 135 A.3d 909, 912 (2016) ("The court must ratify the sale if convinced that 'the sale was fairly and properly made.' The focus of the exceptions is on the conduct of the sale, not whether the trustee had a right to have the property sold.").

Additionally, the Maryland Court of Special Appeals affirmed the ratification Order. The appeals court explained that "[e]ven if there was some confusion about the chain of ownership of the promissory note, ownership is not required for an entity to enforce a note by foreclosing under the accompanying deed of trust." *Quarles*, 2022 WL 1422578, at *6. "Wells Fargo was entitled to foreclose by virtue of its possession of the promissory note." *Id.* at *7. Finally, the appeals court concluded that the circuit court did not err in finding that the Quarleses' exceptions to the foreclosure sale lacked merit. *Id.* at *9.

Finally, in two of the Quarles's bankruptcy actions, the bankruptcy court terminated the automatic stay to allow foreclosure proceedings to continue. *See* No. 17-15211 (*In re Michelle Quarles*); No. 19-17492 (*In re Donald Quarles*). In the latter bankruptcy action, the bankruptcy court noted that it was terminating the stay and imposing an equitable servitude "to permit the Noteholder, or its assigns, to enforce its rights under the provisions of the Deed of Trust, and/or to resume or commence foreclosure proceedings under the provisions of the Deed of Trust dated April 3, 2008 . . . secured by the real property of the Debtor at 10011 Welshire Dr, Upper

Marlboro, Maryland[.]" ECF No. 55 at 2. Thus, the bankruptcy court also necessarily decided the ownership of the Note.

In the proposed Second Amended Complaint, half of the counts directly rely on these decided issues. Counts XIV, XV, XVIII, XIX, XX allege misrepresentations of ownership of the Note, Count XVI requests declaratory judgment on the negotiability of the Note, and Count XVII alleges a failure to comply with RESPA during the bankruptcty action. Plaintiff is foreclosed from re-litigating these issues.

Overall, Plaintiff had a fair opportunity to litigate these claims and issues in the Foreclosure Action, her bankruptcy action, and during the Foreclosure Appeal. *See, e.g.*, *Madukwe v. Cap. One Fin. Corp.*, No. 17-cv-767-GJH, 2017 WL 1133276, at *8 (D. Md. Mar. 24, 2017) ("A review of the prior state court proceedings demonstrates that Plaintiff vigorously litigated her foreclosure for over two and half years."); *McKenzie v. M&T Bank*, No. 17-cv-3225-GJH, 2018 WL 4384164, at *4 (D. Md. Sept. 14, 2018) ("Ultimately, Plaintiff's federal suit is an attempt to re-litigate or collaterally attack a final order ratifying the foreclosure sale in a state court foreclosure proceeding."). To allow Plaintiff to proceed in this case "'would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law.'" *McGhee v. JP Morgan Chase Bank, N.A.*, No. 12-cv-3072-DKC, 2013 WL 4495797, at *5 (D. Md. Aug. 20, 2013) (quoting *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (internal quotations and citations omitted)).

### B. Failure to State a Claim

Even if not barred for the reasons above, Plaintiff has failed to state a claim. A pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing

15

that the pleader is entitled to relief," and each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1). Pursuant to Rule 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp.*, 550 U.S. at 570. "While *pro se* complaints are to be construed liberally, '[p]rinciples requiring generous construction . . . are not, however, without limits . . . [and the Court] cannot be expected to construct full blown claims from sentence fragments." *Reid*, 2017 WL 3475676, at *5 (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The Second Amended Complaint is repetitive, full of superfluous material, and difficult to decipher. Plaintiff spends dozens of paragraphs detailing the history of the Note, ECF No. 29-1 ¶¶ 29–57, and the history of the Foreclosure Action, *id.* ¶¶ 58–151, but she makes few specific factual allegations. Most of Plaintiff's TILA claims are facially time-barred. *See id.* ¶¶ 193, 212, 231, 263, 290, 309 (Counts V, VII, VIII, X, XII, XIII). Claims for failure to send notice of a new creditor, 15 U.S.C. § 1641(g)(1), or notice of a mortgage transfer, 12 C.F.R. § 226.39, are subject to a one-year limitations period, 15 U.S.C. § 1640(e). Plaintiff's relevant allegations date to November 2018 and earlier, but Plaintiff filed her first Complaint on January 9, 2020.[9]

In other TILA claims, Plaintiff alleges that she did receive notice of a new creditor or a mortgage transfer. *See* ECF No. 29-1 ¶¶ 175, 254 (Counts IV and IX). It is thus unclear what the factual basis of these claims is. Similarly, Plaintiff brings two claims for failure to certify a trust, pursuant to Del. Code Ann. Tit. 12 § 3591 and § 3809, but she does not allege how she has standing to bring such a claim. *See* ECF No. 29-1 ¶¶ 163, 167 (Counts II and III). An action for

---

[9] Plaintiff also has not made any allegations to justify equitable tolling. *See Michaud v. J.P. Morgan Chase Bank, N.A.*, No. 12-cv-815-WDQ, 2012 WL 1454859, at *2, n.7 (D. Md. Apr. 25, 2012) ("TILA claims are subject to equitable tolling when the plaintiff has alleged fraudulent concealment and the inability, despite due diligence, to discover the fraud.").

breach of trust may be brought by a beneficiary, and Plaintiff has not explained how she is a "beneficiary" of a trust. *See* Del. Code Ann. tit. 12, § 3581 ("A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust.").[10] Plaintiff's other claims are full of extraneous material, conclusory allegations, and contradictory statements, and thus cannot meet the bare minimum requirements of Rule 8(a) or Rule 12(b)(6). *See* ECF No. 29-1 ¶¶ 329, 347, 380, 382, 403, 416, 420, 453 (Counts XIV–XX).[11]

Because the Second Amended Complaint cannot meet Rule 8(a) and 12(b)(6), amendment is futile. *See, e.g.*, *Reid*, 2017 WL 3475676, at *5 (dismissing a complaint because it was "confusing, vague, and conclusory.").

\*\*\*

Thus, because the proposed Second Amended Complaint fails to state a claim, leave to amend is denied. Additionally, the First Amended Complaint contains nearly identical allegations and claims. *See* ECF No. 3. Plaintiff brought one count for declaratory judgment that the Note is non-negotiable and may not be enforced, *id.* ¶ 144, one count for misrepresentation of the ownership of the Note, *id.* ¶ 190, one count for failure to certify trust pursuant to Delaware law, *id.* ¶ 205, and two counts for deceptive trade practices regarding the ownership of the Note, *id.* ¶¶ 227, 251. For the reasons discussed, the First Amended Complaint claims are also barred by *res judicata*, collateral estoppel, and a failure to state a claim.

This case has been litigated for over two years and has yet to make it past the pleading stage. Additionally, nearly half of Plaintiff's claims were already time-barred when she filed the

---

[10] Additionally, Plaintiff's other citation to Delaware law, Del. Code Ann. tit. 12, § 3908, governs the removal, resignation, or death of a guardian—not relevant here.

[11] Plaintiff's other counts are regarding the Bluewater Defendants, which have been dismissed from the case. *See* ECF No. 29-1 ¶¶ 153, 195, 274 (Counts I, VI, and XI).

first Complaint. *See, e.g.*, *Bey*, 997 F. Supp. 2d at 319 (dismissing an action with prejudice because "Plaintiff twice has failed to meet the pleading standards, and already was given an opportunity to amend. Future amendments would be futile because no additional facts could defeat a motion to dismiss Plaintiff's time-barred claims.") (internal quotations and citation omitted). Thus, the Court will dismiss this case without further leave to amend.

### IV.     CONCLUSION

For the reasons above, the Court denies leave to amend and dismisses the case. A separate Order follows.

Dated: August 11, 2022                                             /s/_____
                                                                                       GEORGE J. HAZEL
                                                                                       United States District Judge